IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 6, 2021

## JOHN WILLIAM OWENS v. MEREDITH ELIZABETH OWENS

**Appeal from the Chancery Court for Meigs County**
**No. D-1746   Casey Mark Stokes, Judge**

_____

**No. E2021-00608-COA-R3-CV**

_____

Issues regarding an award of attorney fees remain pending, so the order appealed from does not constitute a final appealable judgment.  As such, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND KRISTI M. DAVIS, J.

Phillip C. Lawrence, Chattanooga, Tennessee, for the appellant, Meredith Elizabeth Owens.

Joshua H. Jenne, Cleveland, Tennessee, for the appellee, John William Owens.

## MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed Appellant, Meredith Elizabeth Owens ("Wife"), to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie.  "A final judgment is one that resolves all the issues in the case, 'leaving nothing else

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Wife responded to the show cause order. Wife's response does not show that a final judgment has been entered, but instead she argues that the Trial Court exceeded its authority in the May 20, 2021 order.[2] By Order entered September 15, 2021, this Court ordered Appellee, John William Owens ("Husband"), to respond to Wife's response to the show cause order. Husband filed his response in compliance with our order, which asserts that a final judgment has not yet been entered.

The notice of appeal filed by Wife states that she is appealing the Trial Court's May 20, 2021 order, which, *inter alia*, granted a motion to quash. The May 20, 2021 order also awarded to Husband "all fees and costs incurred by [Husband] as related to the Writs of Execution issued at the request of [Wife] and the corresponding necessity of [Husband's] filing of the Motion to Quash." The May 20, 2021 order provided that Husband's "counsel shall tender to the Court a proper Motion with notice to [Wife] and which will be heard at a later time." The record is devoid of such a motion and is devoid of any order awarding an amount certain of attorney fees.

Because the amount of the fee award remains pending, the order from which Wife seeks review is not a final judgment adjudicating "all the claims or the rights and liabilities" of all parties. Tenn. R. App. P. 3(a); *see, e.g.*, *E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018), *appl. perm. appeal denied Aug. 9, 2018* (finding that order directing parties to re-submit requests for attorney fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney fees, this Court lacked jurisdiction); *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009), *no appl. perm. appeal filed* ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."); *Scott v. Noland Co.*, No. 03A01-9407-CV-00248, 1995 WL 11177, at *1 (Tenn. Ct. App. Jan. 12, 1995), *no appl. perm. appeal filed* ("Since there is no order in the record before us finally disposing of the Plaintiffs' claim for attorney fees at the trial level, the 'Final Judgment' from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (footnote omitted)).

---

[2] These arguments may be raised in an appeal after this Court acquires jurisdiction over the appeal.

- 2 -

This appeal is hereby dismissed. Costs on appeal are taxed to the Appellant, Meredith Elizabeth Owens, for which execution may issue.

**PER CURIAM**